## NATIONAL LABOR RELATIONS BOARD v. ANCHOR ROME MILLS, Inc.

### No. 13990.

United States Court of Appeals
Fifth Circuit.

June 12, 1952.

Harvey B. Diamond, Atty., A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, National Labor Relations Board, Washington, D. C., for appellant.

Frank A. Constangy, Atlanta, Ga., John W. Maddox, Rome, Ga., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL, and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from an order denying enforcement of a subpoena, the regional di-

rector had issued in an investigatory proceeding,[1] the Board is here insisting that the order was erroneous and must be reversed.

The district judge, of the opinion that neither the Act nor the Board's Rules and Regulations authorized the issuance of a subpoena in aid of investigation before a complaint had been filed, held that the subpoena had been issued without authority and denied enforcement of it.

The Board is here, pointing out that by express provisions of Sec. 11[2] of the Act, 29 U.S.C.A. § 161, the subpoena powers it confers on the Board extend to "all hearings and investigations, which, in the opinion of the Board are necessary and proper for the exercise of the powers vested in it by sections 9 and 10 of the act", and that it has been held in N. L. R. B. v. Barrett Co., 7 Cir., 120 F.2d 583, 586, that it is "the Board's right (as well as its duty) to investigate, and in the course of its investigation, if need be, to issue subpoenas before it files a complaint". So pointing, it insists that the order appealed from finds no support in law.

The appellee does not see the matter as the Board does. Taking no issue with the Board's position, that the district judge erred in holding that "subpoenas *duces tecum* may not be issued by the Regional Director until after the filing of a complaint", appellee puts forward in support of the ruling below the claim that the procedure employed in the issuance of the subpoena violated Sec. 1002(a)[3] and 1005(c)[4] of the Administrative Procedure Act, 5

1. Pursuant to Sec. 10 of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160, and Sec. 102.9 and 102.10 of the Board's Rules and Regulations, the Textile Workers Union of America, C.I.O., on Nov. 18, 1949, instituted a proceeding by filing with the Regional Director, Atlanta, Georgia, a charge which was docketed on the Records of the Board as Case No. 10-CA-903, that Anchor Rome Mills, the appellee, had violated Secs. 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1, 3).

In the course of his investigation of the merits of the charge the Regional Director, on July 23, 1951, issued a subpoena duces tecum for the production of described records returnable on Aug. 6, 1951, at the Regional office in Atlanta, Georgia.

A petition to the Board to revoke the subpoena having been denied and the appellee having failed to comply therewith, the Board on Oct. 10, 1951, applied to the district judge for enforcement of the subpoena, and the enforcement sought was denied.

2. Sec. 11(1) of the Original Act reads as follows:

"Sec. 11. For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10—

"(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. Any member of the Board shall have power to issue subpoenas requiring the attendance and testimony of witnesses and the production of any evidence that relates to any matter under investigation or in question, before the Board, its member, agent, or agency conducting the hearing or investigation. Any member of the Board, or any agent or agency designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing."

3. Section 1002 of the Administrative Procedure Act provides: " * * * Every agency shall separately state and currently publish in the Federal Register (1) descriptions of its central and field organization including delegations by the agency of final authority and the established places at which, and methods whereby, the public may secure information or make submittals or requests; (2) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal or informal procedures available as well as forms and instructions as to the scope and contents of all papers, reports, or examinations; and (3) substantive rules adopted as authorized by law and statements of general policy or interpreta-

4. See note 4 on page 449.

U.S.C.A. § 1001 et seq. As appellee states it in its brief:

"It is submitted that the Board may create by appropriate regulation under the terms of the National Labor Relations Act and the Administrative Procedure Act, an informal pre-hearing or pre-trial procedure. It is submitted further that under certain circumstances it is conceivable that the Board may provide by regulation for the issuance of certain subpoenas in connection with such matters. Whatever the legal authority of the Board may be it may not exercise it until it has implemented the authority by valid and appropriate regulations promulgated in accordance with the terms of the Administrative Procedure Act. It has not done so. Insofar as the type of procedure involved in this appeal and use of subpoenas to implement it, the Board has not adopted such appropriate Rules and Regulations as would authorize either the procedure apparently here contemplated or the use of subpoenas implementing such procedure.

"The gravamen of the Appellant's position is that it implies from its present published regulations some inherent power to hold a pre-trial hearing; to require a prospective respondent in an unfair labor practice complaint to be subjected by subpoena, administratively issued by the prospective moving party in the unfair labor practice action, to submit himself to full questioning; to submit his records and books which in turn may be impounded; to permit full examination and disclosure of an ultimate position in litigation the

issues of which have not been formulated. This apparent procedure is without the reservation of right of cross-examination, the right of representation by Counsel, or any of the other Constitutional rights contemplated by the Constitution of the United States and implemented by the Congress in adopting the Administrative Procedure Act."

 We cannot agree with these views. Indeed, we find no basis for them in either the Administrative Procedure Act or the Labor Management Act. We cannot find, in the enforcement of subpoena process in investigatory proceedings, any basis for the imagined fears of appellee that Constitutional rights will thereby be invaded and trampled upon. Neither can we agree with appellee's view that the Rules and Regulations, on which the Board relies, do not provide for, or authorize the issuance of, the subpoena in question here. We are, on the contrary, of the clear opinion that, by the express terms of the Statute, supplemented by its Rules and Regulations, the Board was authorized to proceed, as it has done, and that, in holding as he did that the subpoena was not enforcible because issued without authority of law, the court erred.

 This is not to say that the subpoena must be enforced precisely according to its terms and without modification. If it appears to the court that it is too broadly or oppressively drawn, or that it will be enforced capriciously or oppressively, or if, as claimed by appellee, the Board, because of non-compliance by the charging union, is prohibited from taking cognizance of its charges, the court will, of course, proceed as seems right and just. These questions,

tions formulated and adopted by the agency for the guidance of the public, but not rules addressed to and served upon named persons in accordance with law. No person shall in any manner be required to resort to organization or procedure not so published." 5 U.S.C.A. § 1002(a).

4. Section 1005(c) of the Administrative Procedure Act provides, inter alia, in dealing with agency subpoenas: " * * * Agency subpoenas authorized by law shall

be issued to any party upon request, and as may be required by rules of procedure, upon a statement or showing of general relevance and reasonable scope of the evidence sought. Upon contest the court shall sustain any such subpoena or similar process or demand to the extent that it is found to be in accordance with law * * *." 5 U.S.C.A. § 1005(c).

however, go to, they affect the merits of, the subpoena. These, because of the action of the district judge, in denying enforcement for want of power in the Board to issue the subpoena, are not now before us.

The order appealed from is reversed and the cause is remanded for further and not inconsistent proceedings.