**JACKSON PACKING CO. et al. v. NATIONAL LABOR RELATIONS BOARD.**

No. 14446.

United States Court of Appeals
Fifth Circuit.

May 29, 1953.

denied by the examiner; that appellants refused to furnish the documents and data sought in the subpoenas; and that on due application the court below entered its order commanding the appellants to comply with the subpoenas, and this appeal followed.

Here appellants urge, as their prime ground for reversal: that the subpoenas *duces tecum* "were issued to appellants under the rubber stamp signature of Board member John M. Houston"; and that under the act providing for the issuance of subpoenas neither the Board nor any member thereof can so delegate his authority.

As their secondary ground, they put forward that the subpoenas are issued in support of a fishing expedition; and that in their breadth and general scope they violate the fourth amendment as general warrants permitting an unreasonable search and seizure of their goods and papers.

Finally, they insist that the matters inquired about are immaterial and irrelevant to the Board's cause, and the subpoenas are too broad and unreasonable in scope.

They pray, therefore, that the order enforcing the subpoenas be completely reversed or, in the alternative, if this may not be, that it be reversed in part by imposing limits upon its breadth and scope.

The Board, in reply to the primary claim, insists that it is foreclosed by the decisions of this court in Edwards v. N. L. R. B., 5 Cir., 189 F.2d 970, and N. L. R. B. v. Anchor Rome Mills, Inc., 5 Cir., 197 F.2d 447.

Replying to the second ground, the Board insists that upon the showing made below, the district judge correctly determined that the evidence sought by the subpoenas was not shown to be plainly incompetent or irrelevant, and that the subpoenas were well within the scope of the Act authorizing their issuance. Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; N. L. R. B. v. Anchor Rome Mills, supra.

Finally, insisting that the subpoenas were not in themselves unreasonable, it further

Samuel Lang, New Orleans, La., Earl T. Thomas, Jackson, Miss., Wells, Thomas & Wells, Jackson, Miss., and Seme S. Klegar, of Kullman & Lang, New Orleans, La., for appellants.

Victor H. Hess, Jr., Atty., N.L.R.B. Richard C. Keenan, New Orleans, La., A. Norman Somers, Asst. Gen. Counsel, N.L. R.B., David P. Findling, Associate Gen. Counsel, George J. Bott, Gen. Counsel, Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from an order of the United States District Court for the Southern District of Mississippi, commanding obedience to subpoenas issued under section 11 of the NLRB Act, 29 U.S.C.A. § 151 et seq.

It was stipulated by the parties: that the subpoenas in question were issued pursuant to the general procedure followed by the board; and that under this procedure the regional office and the trial examiner are supplied, by the Washington office of the Board, with blank forms bearing the seal of the Board and a stamped signature of a member of the Board.

It was further stipulated: that pursuant to section 2 of the Act, appellants made appropriate motions to the trial examiner to revoke the subpoenas, and the motions were

assures us that they will not be .enforced in an unreasonable or arbitrary manner.

■ We find ourselves in complete agreement with the Board's view that the primary question has already been determined in this court adversely to the appellants' contention. Indeed, the counsel for appellants concede that the holding of our prior decisions is in substance contrary to their contention here. They insist, though, that the decisions in those cases are contrary to the decision of the Supreme Court in Cudahy Packing Co. v. Holland, 315 U.S. 357, 788, 62 S.Ct. 651, 86 L.Ed. 895, and they should be reconsidered and overruled.

We cannot agree. We are in no doubt that the invoked cases do decide the question against appellants' contention, nor are we in any that they were rightly decided.

Upon their alternative propositions that the subpoenas amount merely to general searches without adequate specification or limitation, and that the matters, disclosure of which is sought, are immaterial and irrelevant, appellants' position is no better taken.

■ In accordance, however, with our holding in N. L. R. B. v. Anchor Rome Mills, supra, that whenever it is made to appear to the court that a subpoena is too broadly or oppressively drawn or there are reasons to believe that it will be enforced capriciously or oppressively, it is the duty of the court to prevent abuse of its process, and in view of the statement of counsel for the Board, made on oral argument, that in respect to the books, records and papers the subpoenas call for, the Board will make its examination at such times and place, and under such circumstances as will cause the least possible annoyance or interruption to appellants' business, we order the judgment affirmed without prejudice to the right of the appellants to apply to the District Court for relief if it is made to appear that in securing the information sought, the Board is using or proposing to use the subpoenas oppressively or unreasonably.

Affirmed.