**WINN & LOVETT GROCERY CO. et al.**
**v.**
**NATIONAL LABOR RELATIONS
BOARD.**

No. 14876.

United States Court of Appeals,
Fifth Circuit.

May 31, 1954.

O. R. T. Bowden, Theo. Hamilton, Jacksonville, Fla., for appellants.

A. Norman Somers, Asst. Gen. Counsel, N.L.R.B., David P. Findling, Assoc. Gen. Counsel, N.L.R.B., Harvey B. Diamond, N.L.R.B., George J. Bott, Gen. Counsel, Norton J. Come, Washington, D. C., for National Labor Relations Board.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HUTCHESON, Chief Judge.

Appealing from an order of the district judge, requiring obedience to subpoenas duces tecum issued by a member of the National Labor Relations Board, appellants are here insisting, upon the four grounds set forth in their brief,[1] that the district judge erred in not according them the relief they asked and that his order should be reversed with directions to quash the subpoenas.

The Labor Board is here insisting, as to all of the grounds urged, that, under the settled course of decision in this and other courts, the district judge was right in requiring appellants to comply with the subpoenas.

Urging upon us that McGarry's case, (McGarry v. Securities and Exchange Comm.) 10 Cir., 147 F.2d 389, is

---

1. "(A) The three subpenas addressed respectively to the three corporations were not duly, properly and legally served upon said corporations, in that none of said subpenas was served upon an officer or other responsible agent of any of said corporations, and the attempted service is not due process of law.

"(B) Each of said subpenas is so vague, indefinite and uncertain that the individual or corporation required to produce records, books and documents is not in-

formed of what is sought and is not informed what is required to be done under said subpena.

"(C) Each of said subpenas is unreasonable and oppressive within the meaning of Rule 45b of the Federal Rules of Civil Procedure [28 U.S.C.A.].

"(D) Each of said subpenas seeks evidence which is plainly incompetent, immaterial and irrelevant and constitutes an unreasonable search and seizure of property of the appellants in violation of the Constitution of the United States."

conclusive authority against appellants' attack upon the form of the subpoenas as not being correctly addressed, and that the district judge was right in concluding that "if there were any defect in service, the same was cured by the fact that respondents admittedly received them and filed petitions to revoke same in the proceeding before the Board", it insists that its procedural point A is wholly without merit.

As to the attack upon the substance of the subpoenas, points B, C, and D, appellee urges upon us that appellants are trying to rethresh old straw already fully threshed out by this court in N. L. R. B. v. Anchor Mills, 5 Cir., 197 F.2d 447, and Jackson Packing Co. v. N. L. R. B., 5 Cir., 204 F.2d 842.

In rejecting appellants' claim that the subpoenas were designed, or would be enforced in such a manner as, to operate oppressively, the district judge was impressed, as we are, by the reasonableness of the "in lieu of" provision of the subpoenas which would permit the appellants to comply with the requests to produce by producing "a statement signed by a responsible officer of the company, setting forth the information which would be shown by all the matters and things above subpoenaed."

It will not do, we think, to treat the "olive branch" as appellants treat it, as adding covin to oppression, insult to injury. True believers, as we are, in the adversary process as the best method yet found for insuring the full and satisfactory development of the facts underlying, and the law controlling, a suit or controversy, we do not believe that every law suit should necessarily be a Donny Brook fair and every lawyer a Don Quixote tilting at windmills for the feel of the fighting.

While, therefore, but for the "in lieu" provision in its tail, the subpoena, in its persistent use of the comprehensive and inclusive word "all", might have seemed to the district judge and to us to have been written large, as much to annoy and embarrass as to discover and reveal, the presence of that provision, broadly and simply drawn as it is, furnishes complete and exact proof to the contrary.

The district judge correctly saw and said that this was so. We can in complete accord leave it to him, if, in the further course of the matter to which these subpoenas are ancillary, angry passions rise and threats of reprisal are heard, to temper the wind to the shorn lamb and keep his process from being abused.

We find the court's action entirely free from error. We affirm his judgment and order.