**NATIONAL LABOR RELATIONS BOARD, Appellant,**

v.

**DUVAL JEWELRY COMPANY OF MIAMI, Inc., et al., Appellees.**

No. 16180.

United States Court of Appeals
Fifth Circuit.
April 2, 1957.
On Motion for Modification May 6, 1957.

Theophil C. Kammholz, Gen. Counsel, Maurice Alexandre, Norton J. Come, Attys. N. L. R. B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Lloyd R. Fraker, Ch. Law Officer, 10th Reg. N. L. R. B., Atlanta, Ga., for appellant.

Theo. Hamilton, Jacksonville, Fla., Hamilton & Bowden, Jacksonville, Fla., for appellees.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The National Labor Relations Board applied to the district court for orders

to enforce certain subpoenas duces tecum and ad testificandum which the Board claimed to have issued pursuant to Section 11(1) of the National Labor Relations Act.[1] The jurisdiction of the district court was based on Section 11(2) of the Act.[2] The district court "quashed" the subpoenas upon the grounds, (1) that they were unreasonable, burdensome and oppressive and (2) that they were not issued upon application of a "party" to the proceedings before the Board. It failed to pass upon a third ground to the effect that the applications for enforcement were premature because the Board had not itself, under Section 11(1) [footnote (1), supra], considered and ruled on petitions to revoke each of said subpoenas.

If the third ground is good, then there has been no such final administrative action as is prerequisite to judicial review or enforcement,[3] and, as a matter of law, there has been no "contumacy or refusal to obey a subpoena." Section 11(2) [Footnote (2), supra]. At the threshold, therefore, we give consideration to the third ground.

Each and all of the respondents, appellees, had filed with the National Labor Relations Board petitions to revoke the subpoenas together with requests for permission to file briefs and present oral arguments in support of their petitions. The Board, calling attention to Section 102.58(c) of its Rules, 29 C.F.R., § 102.58(c),[4] refused to entertain the pe-

1. "§ 161. *Investigatory powers of Board*
"For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by sections 159 and 160 of this title—
"Documentary evidence; summoning witnesses and taking testimony
"(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing." Title 29, U.S.C.A. § 161(1).

2. "Court aid in compelling production of evidence and attendance of witnesses
"(2) In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof." Title 29 U.S.C.A. § 161(2).

3. See 42 Am.Jur., Public Administrative Law, Sec. 194.

4. "(c) Applications for subpenas may be filed in writing by any party, with the regional director if made prior to hearing, or with the hearing officer if made at the hearing. Applications for subpenas may be made ex parte. The regional director or the hearing officer, as the case may be, shall forthwith grant the subpenas requested. Any person subpenaed, if he does not intend to comply

titions. The hearing officer undertook to deny the petitions to revoke. The respondents did not request "special permission of the Board" to appeal.[5]

One of the subpoenas directed to appellee Oliver Jenkins was a subpoena ad testificandum, as to which there appears no provision in the Act for a petition to revoke [see Section 11(1), Footnote (1), supra], and hence the application for its enforcement was not premature on that ground.

■ All of the other subpoenas were subpoenas duces tecum and the petitions to revoke, while not couched in the language of the statute, sufficiently raised the point of relevancy, that is, that "the evidence whose production is required does not relate to any matter under investigation or any matter in question in such proceedings." Section 11(1), Footnote (1), supra. As to the subpoenas duces tecum, then, the primary question is whether the Act empowers the Board to delegate to hearing officers the power to pass upon such petitions to revoke.

We think that that question is answered in the negative by the carefully worded provisions of Section 11(1) of the Act, Footnote (1), supra. There

the gradations in authority are explicitly delimited. "The Board, or its duly authorized agents or agencies" are given access to and the right to copy evidence. Upon the application of any party, "the Board, or any member thereof" is required "forthwith" to *issue* subpoenas. At that stage there is no discretion. However, any person served with a subpoena duces tecum "may petition *the Board* to revoke, and *the Board* shall revoke, such subpena if in *its* opinion" etc. (Emphasis supplied.)

It may be, as stated in N. L. R. B. v. Pesante, D.C.S.D.Cal., 119 F.Supp. 444, 450, 451, 452, that the legislative history of the Act further supports such construction. We think, however, that the language itself of Section 11(1) of the Act is plain, and that a different construction is not authorized by any other part of the Act nor by the Act as a whole.

The Seventh Circuit's remarks about petitions to revoke in N. L. R. B. v. John S. Barnes Corp., 7 Cir., 178 F.2d 156, 160, were necessarily dicta as it does not appear that any such petition was filed in that case.

An administrative remedy under which any person served with a subpoena duces tecum may seek protection from the

with the subpena, shall, within 5 days after the date of service of the subpena, petition in writing to revoke the subpena. Such petition shall be filed with the regional director who may either rule upon it or refer it for ruling to the hearing officer: *Provided, however,* That if the evidence called for is to be produced at a hearing and the hearing has opened, the petition to revoke shall be filed with the hearing officer. Notice of the filing of petitions to revoke shall be promptly given by the regional director or hearing officer, as the case may be, to the party at whose request the subpena was issued. The regional director or the hearing officer, as the case may be, shall revoke the subpena if, in his opinion, the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpena does not describe with sufficient particularity the evidence whose production is required. The regional director or the hearing officer, as the case

may be, shall make a simple statement of procedural or other grounds for his ruling. The petition to revoke, any answer filed thereto, and any ruling thereon shall not become part of the record except upon the request of the party aggrieved by the ruling. Persons compelled to submit data or evidence are entitled to retain or, on payment of lawfully prescribed costs, to procure, copies or transcripts of the data or evidence submitted by them." 29 C.F.R. § 102.58(c), 29 U.S. C.A.Appendix.

5. "Unless expressly authorized by these rules and regulations in this part, rulings by the regional director and by the hearing officer shall not be appealed directly to the Board except by special permission of the Board, but shall be considered by the Board when it reviews the entire record." Section 102.57(c) of the Board's Rules, 29 C.F.R. § 102.57(c), 29 U.S.C.A.Appendix.

Board itself to make certain that the evidence is described with sufficient particularity and is relevant to the inquiry should not, we believe, prove unduly burdensome to the Board. If it does the remedy lies with Congress, not with the courts. In most cases, methods less burdensome to the respondents than subpoenas duces tecum are available to the Board, such as the right of "the Board, or its duly authorized agents or agencies" to have access to and to copy any evidence, supplemented if need be by the use of subpoenas ad testificandum, required to be issued upon the application of any party.

The reasoning of the Supreme Court in Cudahy Packing Co. v. Holland, 315 U.S. 357, 363, 62 S.Ct. 651, 86 L.Ed. 895, is highly persuasive that the Board has no authority to delegate its power to revoke a subpoena:

"Unlimited authority of an administrative officer to delegate the exercise of the subpoena power is not lightly to be inferred. It is a power capable of oppressive use, especially when it may be indiscriminately delegated and the subpoena is not returnable before a judicial officer. Under the present Act, the subpoena may, as in this case, be used to compel production at a distant place of practically all of the books and records of a manufacturing business, covering considerable periods of time. True, there can be no penalty incurred for contempt before there is a judicial order of enforcement. But the subpoena is in form an official command, and even though improvidently issued it has some coercive tendency, either because of

ignorance of their rights on the part of those whom it purports to command or their natural respect for what appears to be an official command, or because of their reluctance to test the subpoena's validity by litigation. All these are cogent reasons for inferring an intention of Congress not to give unrestricted authority to delegate the subpoena power which it has in terms granted only to the responsible head of the agency." 315 U.S. at pages 363–364, 62 S.Ct. at page 655.

Nothing in the later case of Fleming v. Mohawk Co., 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375, seems to us to lead toward a different construction of the Act now under consideration.[6]

■ Under the Act, we think that the Board's jurisdiction to pass on petitions to revoke subpoenas duces tecum is original, not appellate, that the denial of the petitions by the hearing officer was a mere nullity, and that the respondents were not required to request "special permission of the Board" to appeal. The petitions to revoke were addressed to and filed with the Board itself, and until the Board has passed upon the petitions one way or the other, there is no "contumacy or refusal to obey a subpena" [see 11(2) of the Act, Footnote (2), supra], and the matter of the enforcement of the subpoenas is not ripe for consideration of the court. We hold, therefore, that the district court should have declined to rule upon the enforcement of the subpoenas duces tecum.[7]

■ The subpoena ad testificandum directed to appellee Oliver Jenkins is not claimed to be oppressive or burden-

6. See the discussion of the Mohawk Case in N.L.R.B. v. Pesante, D.C.S.D.Cal., 119 F.Supp. 444, 454, 455.

7. It should be noted that we are not passing upon the authority as to subpoenas duces tecum of a trial examiner or hearing officer in an unfair labor practice case. Representation proceedings, as distinguished from unfair labor practice cases, are somewhat removed from the

purview of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. Section 1004 specifically excepts agency hearings involving "the certification of employee representatives" from those provisions applicable to cases of "adjudication," including, we think, the provisions of Section 1005(c) dealing with agency subpoenas. Compare N.L.R.B. v. Anchor Rome Mills, 5 Cir., 197 F.2d 447.

some.[8] Was it properly quashed because not issued upon the application of a "party" to the proceedings before the Board? The subpoena was sought in a representation proceeding brought under Section 9(c) of the Act, 29 U.S.C.A. 159(c) (1).[9] The labor organization and the employer are usually adversely interested in such a proceeding. The proceeding is, however, an "investigation."[10] "The employer is, in theory at least, not much concerned, since the employees are to choose their representative unhindered." N. L. R. B. v. Whittier Mills Co., 5 Cir., 111 F.2d 474, 478. The Board is charged with the responsibility of conducting the representation investigation, and the express terms of the statute authorize the Board to use subpoenas in aid of its investigations.[11] Section 102.8 of the Board's Rules and Regulations, 29 C.F.R., Sec. 102.8, 1956

Supp., defines "party" as including "the regional director in whose region the proceeding is pending,"[12] though we do not consider that important to a decision of the present question. The language of the statute authorizing the use of subpoenas in investigations, while requiring their issuance upon the application of any "party," may appear to be conflicting but the purpose is clear.

Contrary to the district court in N. L. R. B. v. Pesante, supra, 119 F.Supp. at page 457, we can see no objection to the Board member furnishing the subpoenas under his signature to the Regional Director to be used by the Director in such investigations as required. We think that the district court erred in declining to enforce the subpoena ad testificandum directed to Oliver Jenkins, and in not declining to rule upon the enforcement

8. In any event, courts can usually remove the oppression or burden without quashing the entire subpoena. N.L.R.B. v. Anchor Rome Mills, 5 Cir., 197 F.2d 447, 450; Jackson Packing Co. v. N. L. R. B., 5 Cir., 204 F.2d 842, 844.

9. "(c) (1) Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—
"(A) by an employee or group of employees or any individual or labor organization acting in their behalf alleging that a substantial number of employees (i) wish to be represented for collective bargaining and that their employer declines to recognize their representative as the representative defined in subsection (a) of this section, or (ii) assert that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in subsection (a) of this section; or
"(B) by an employer, alleging that one or more individuals or labor organizations have presented to him a claim to be recognized as the representative defined in subsection (a) of this section; the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not

make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof." 29 U.S.C.A. § 159 (c) (1).

10. Inland Empire District Council v. Millis, 325 U.S. 697, 706, 65 S.Ct. 1316, 89 L.Ed. 1877; N.L.R.B. v. National Mineral Co., 7 Cir., 134 F.2d 424, 426.

11. Section 11 of the Act, 29 U.S.C.A. 161, Footnote 1, supra. N.L.R.B. v. Anchor Rome Mills, 5 Cir., 197 F.2d 447, 449.

12. "§ 102.8 Party. The term 'party' as used in this part shall mean the regional director in whose region the proceeding is pending, and any person named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in any Board proceeding, including, without limitation, any person filing a charge or petition under the act, any person named as respondent, as employer, or as party to a contract in any proceeding under the act, and any labor organization alleged to be dominated, assisted, or supported in violation of section 8(a) (1) or 8(a) (2) of the act; but nothing in this part shall be construed to prevent the Board or its designated agent from limiting any party to participate in the proceedings to the extent of his interest only." 29 C.F.R.1956 Supp., 29 U.S.C.A.Appendix.

of the subpoenas duces tecum. One-sixth of the cost of appeal is taxed against the appellees, and the other five-sixths against the appellant. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

On Motion for Modification

PER CURIAM.

Upon motion of the appellant, the following sentence is deleted from the last paragraph of the opinion: "One-sixth of the cost of appeal is taxed against the appellees, and the other five-sixths against the appellant." 28 U.S.C.A. § 2412(a); 29 U.S.C.A. § 153(a); Ewing v. Gardner, 341 U.S. 321, 71 S.Ct. 684, 95 L.Ed. 968; United States v. Patterson, 5 Cir., 206 F.2d 345, 348; Walling v. Norfolk Southern Ry. Co., 4 Cir., 162 F.2d 95, 96; Compare N. L. R. B. v. Red Arrow Freight Lines, 5 Cir., 193 F.2d 979, 981; N. L. R. B. v. Remington Rand, Inc., 2 Cir., 130 F.2d 919, 937.