**NATIONAL LABOR RELATIONS BOARD, Appellant,**

v.

**DUVAL JEWELRY COMPANY OF MIAMI, Inc., et al., Appellees.**

No. 16180.

United States Court of Appeals
Fifth Circuit.

Aug. 18, 1958.

Norton J. Come, Atty., N.L.R.B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Lloyd R. Fraker, Chief Law Officer, 10th Region, N.L.R.B., Atlanta, Ga., for appellant.

Theo Hamilton, Jacksonville, Fla., for appellees.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The district court, 141 F.Supp. 860, refused to enforce and, to the contrary, quashed five subpoenas duces tecum issued by the Board pursuant to Section 11(1) of the National Labor Relations Act, 29 U.S.C.A. § 161, on the grounds that (1) they were unreasonable, burdensome, and oppressive, and (2) that they were not issued upon application of a "party" to the proceedings before the Board, 141 F.Supp. 860. It failed to pass upon ground (3) to the effect that the Board alone could revoke subpoenas duces tecum in representation proceedings. It also refused to enforce and quashed one subpoena ad testificandum on ground (2). This Court reversed the district court on the subpoena ad testificandum, and thus disposed of ground (2), but upheld the district court as respects the subpoenas duces tecum on ground (3), 243 F.2d 427. The Supreme Court reversed this Court and disposed of ground (3) favorably to the Board, 357 U.S. 1, 78 S.Ct. 1024, 2 L.Ed.2d 1097. The cause was remanded to this Court for proceedings in conformity with the opinion of the Supreme Court.

■ Only ground (1) as to the subpoenas duces tecum, i. e. that they were unreasonable, burdensome, and oppressive, remains to be considered. The district court expressed the reasons for its holding as follows [141 F.Supp. 861]:

"From the face of the subpoenas duces tecum (Exhibit '8' attached to the Petition in each of these causes) it is clear that they are unreasonable, burdensome, and oppressive. They were issued on the 30th day of December, 1955, and directed to

persons in Jacksonville, Florida. They required the production of voluminous books and records essential in the operation of the Respondents' businesses, on the 10th day of January, 1956, at a representation hearing in Miami, Florida, located some 350 miles from Jacksonville, Florida. The extreme shortness of time within which the Respondents had to gather and produce their many records becomes quite apparent when it is appreciated that not only is the gathering of the records time-consuming, but in addition a great deal of time would be required by the Respondents to copy certain essential parts of the subpoenaed records in order that their respective businesses would not suffer because of the absence of the books and records. Subpoenas duces tecum requiring the production of books and records essential in the operation of a business should provide ample time for the business to prepare for the absence of those books and records. Patently no such time was provided herein. For that reason the subpoenas duces tecum should be quashed."

The hearing officer offered, if appellees would so request, to change the place of hearing from Miami to Jacksonville. The subpoenas themselves provided that, "in lieu of" providing the books and records required, the appellees could submit "a statement signed and certified to by a responsible official" setting forth the jurisdictional data and information which would be shown by the books and records. Several extensions of time were granted up to February 2, 1955, when the appellees refused to comply with the subpoenas without requesting additional time. The district court has full power to assure appellees of sufficient time to comply, or even, in its discretion, to provide for inspection and copying of the records by Board agents. See National Labor Relations Board v. Northern Trust Co., 7 Cir., 1945, 148 F.2d 24, 29–30. It is clear that the district court can effectively exercise its discretion so as to relieve the appellees from any undue oppression or burden without quashing the subpoenas entirely. National Labor Relations Board v. Anchor Rome Mills, 5 Cir., 1952, 197 F.2d 447, 450; Jackson Packing Co. v. National Labor Relations Board, 5 Cir., 1953, 204 F.2d 842, 844. The judgment of the district court is therefore reversed and the cause remanded for enforcement of the subpoenas in a manner considered by the district court to be not unduly burdensome or oppressive.

Reversed and remanded.