**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CHAMBERS MANUFACTURING CORPORATION, Respondent.**

No. 18127.

United States Court of Appeals Fifth Circuit.

May 31, 1960.

Jerome L. Avedon, Atty., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Fannie M. Boyls, Atty., National Labor Relations Board, Washington, D. C., for petitioner.

George P. Ryan, Alan T. Nolan, Indianapolis, Ind., Frederick A. Kullman, New Orleans, La., Kullman & Lang, New Orleans, La., and Ross, McCord, Ice & Miller, Indianapolis, Ind., of counsel, for respondent.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

PER CURIAM.

 The labor union which was the certified bargaining agent for the production and maintenance employees of the Respondent, filed a charge with the National Labor Relations Board that the Respondent was guilty of unfair labor practices under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The union asserted that the Respondent had interfered with, restrained and coerced employees, and had refused to bargain in good faith. The Board found violations and entered a cease and desist order which, by its petition, it seeks to enforce. The Respondent insists that enforcement should be denied for want of substantial evidence to support the Board's findings of interference, restraint and coercion, and of failure to bargain in good faith. The evidence has been examined and the Respondent's contentions with respect to it have been reviewed. It is our considered conclu-

sion that the evidence is ample to sustain the Board's findings.

■ The Board, or its General Counsel, refused to make available to the Respondent, in advance of the hearing, the statements which had been taken from employees, and the names of the employees from whom statements had been taken. Subpoenas were revoked which would have required the production of all statements taken in connection with the charges. The Respondent contends that in these matters it has been denied the benefit of basic procedural safeguards and that the Board's order, therefore, cannot stand. It is apparent to us, and especially so since no prejudice to the Respondent is shown, that it was not deprived of a fair hearing.

The other questions raised by the Respondent have been considered and we do not find merit in them. The order of the Board will be

Enforced.