**STORKLINE CORPORATION, Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, Appellee.**

**No. 19110.**

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1962.

Richard C. Keenan, New Orleans, La., Joe Jack Hurst, Jackson, Miss., Wells, Thomas & Wells, Jackson, Miss., Kullman & Lang, New Orleans, La., for appellant.

Melvin Pollack, Atty., N. L. R. B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Herman I. Branse, Atty., National Labor Relations Board, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

The district court granted an order to enforce a subpoena duces tecum issued by the Board pursuant to Section 11(1) of the National Labor Relations Act, 29 U.S.C. § 161, and Storkline now appeals. The complaint before the Board alleged that between November 1960 and March 1961, Storkline committed a number of section 8(a) (1) and 8(a) (3) unfair labor practices which included: laying off employees for their union activities; promising employee benefits calculated to discourage union membership in the midst of a union organizing drive; interrogating employees and potential employees concerning their union membership and sympathies. The subpoena asked for the pay and job classification records of all employees since October 31, 1960, or in lieu of the records, a statement containing the pertinent information, and also for all application forms filled out by job applicants during that period.

■ There can be no question of the relevance of the requested records to showing whether certain individuals or groups of employees received benefits during the time of the alleged unfair activity. The job application forms are relevant to whether Storkline requested information concerning union membership or activities before hiring. There is no sufficient showing in the record that enforcement of the subpoena would be oppressive, and the fact that a statement containing the pertinent information may be filed instead of the records gives ample protection to Storkline. See N. L. R. B. v. Duval Jewelry Co., 257 F.2d 672, 673 (5th Cir. 1958).

■ Storkline also contends that this subpoena should not be enforced until the Board produces all the documents in its possession which reveal the factual basis of the Complaint, including the names and statements of any employees it intends to use as witnesses. Storkline contends that it will be denied due process unless relief is granted at this juncture. The respondent has failed to show, however, why his rights are not fully protected by his normal administrative remedies. The proper time to review the Board's refusal to produce documents is upon the Board's petition for enforcement of its final order in the case. In the past, we have not hesitated to review such refusals at that time. See N. L. R. B. v. Chambers Mfg. Co., 278 F.2d 715 (5th Cir. 1960); N. L. R. B. v. Vapor Blast Mfg. Co., 287 F.2d 402 (7th Cir. 1961). We are therefore of the opinion that this issue may not be raised on this appeal. See Vapor Blast Mfg. Co. v. Madden, 280 F.2d 205 (7th Cir. 1960).

The order of the district court is

Affirmed.