**STORKLINE CORPORATION,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

**No. 20574.**

United States Court of Appeals
Fifth Circuit.

April 1, 1964.

aminer, ordering petitioner to cease and desist from unfair labor practices and to offer seven employees reinstatement and lost pay. The hearing embraced the issues raised by the consolidated complaints and which were put before us in a printed record of some 1,340 pages.

Although the parties have analyzed meticulously the facts relating to the discharge of each employee, little benefit will be derived by other and subsequent litigants from any detailed restatement of the specific facts of the particular case. Suffice it to say that the petitioner concluded that it had good cause to discharge the employees in question for improper conduct and the trial examiner reached contrary conclusions. In substance he found that petitioner had engaged in an extensive course of employee interrogation as to union sympathies and activities, threats of reprisals, and surveillance of a union meeting, had improperly granted a wage increase, and had discharged five and laid off two employees because of union activities.[1] Petitioner has set forth instances in which these seven employees had failed in the proper performance of their duties. These facts, however, must be weighed with other facts disclosing records of otherwise satisfactory performance and union organizational efforts. Petitioner concededly had openly resisted unionization for a substantial period of time. Upon the record as a whole, it cannot be said that the examiner's and the Board's factual and legal conclusions are not supported by that quantum of evidence required for affirmance and enforcement.

Petitioner also contends that the Board has adopted a system of notice pleading while at the same time refusing to permit opposing litigants to utilize pretrial discovery devices. See Storkline Corp. v. N.L.R.B., 298 F.2d 276 (5th Cir. 1962) (per curiam). However, petitioner has made no showing of prejudice

Richard C. Keenan, Kullman & Lang, New Orleans, La., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Dominick L. Manoli, Assoc. Gen. Counsel, N.L.R.B., Robert B. Schwartz, Atty., N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Melvin Pollack, Attorney, N.L.R.B., for respondent.

Before BROWN, MOORE * and GEWIN, Circuit Judges.

PER CURIAM.

Petitioner appeals from a decision of The National Labor Relations Board which adopted the findings, conclusions and recommendations of the trial ex-

---

* Of the Second Circuit, sitting by designation.

1. The examiner found that six other employees had not been discriminated against.

# 16

suffered by reason of the Board's denial of pre-trial discovery. See N.L.R.B. v. Chambers Mfg. Corp., 278 F.2d 715 (5th Cir. 1960) (per curiam).

 As to the employee Bobby Brown, the record shows that Brown was offered reinstatement which he refused. The Board's order should be modified so as to toll the lost pay provision as to him after the offer of reinstatement.