335 F.2d 449
 NATIONAL LABOR RELATIONS BOARD, Appellant,
v.
L. T. WILSON, Manager Shell Oil Company Refinery, and J. W. Hyde, Manager Shell Oil Company Chemical Plant, Appellees.
L. T. WILSON, Manager Shell Oil Company Refinery, and J. W. Hyde, Manager Shell Oil Company Chemical Plant, Appellants,
v.
NATIONAL LABOR RELATIONS BOARD, Appellee.
 No. 20969.
 United States Court of Appeals Fifth Circuit.
 July 13, 1964.
 
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Elliot Moore, Atty., N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Robert A. Armstrong, Atty., N. L. R. B., Washington, D. C., for appellant.
 Leroy Jeffers and W. D. Deakins, Jr., and Vinson, Elkins, Weems & Searls, Houston, Tex., of counsel, for appellees.
 Chris Dixie, Houston, Tex., amicus curiae.
 Dixie & Schulman, Houston, Tex., for movant.
 Before HUTCHESON, PRETTYMAN,* and JONES, Circuit Judges.
 HUTCHESON, Circuit Judge.
 
 
 1
 These are appeals from an order of the district court modifying and enforcing a certain subpoena duces tecum issued by the National Labor Relations Board against Shell Oil at the request of the Union and pursuant to an unfair labor practices action instituted by the Union. The district court has power to enforce such orders under 29 U.S.C.A. 161(2) and this court has reviewed such action by district courts apparently as final orders. Storkline Corp v. National Labor Relations Board, 298 F.2d 276, 277 (5th Cir., 1962); National Labor Relations Board v. Duval Jewelry Co., 257 F.2d 672 (5th Cir. 1958); National Labor Relations Board v. Anchor Rome Mills, Inc., 5 Cir., 197 F.2d 447.
 
 
 2
 Appellant-Shell asserts five grounds upon which the subpoena should be quashed. Appellant-Board defends against several of Shell's assertions and puts forth several reasons of its own why the subpoena should not have been modified to restrict its scope.
 
 
 3
 The alleged violation of the Act was the admittedly economically motivated decision to subcontract bargaining unit work before and during a strike. The subpoenas as modified ordered that Shell produce all contracts entered into with certain named individuals and dealing with certain specified jobs, over a certain specified period of time.
 
 
 Appellant-Shell
 
 
 4
 (1) Shell asserts that as a matter of law it is not an unfair labor practice to contract out work for economic reasons only and without anti-union motivation, and, therefore, the subject matter of the subpoena is clearly irrelevant to any lawful purpose the Board might have. The Board answers that the law is not completely settled on this point, and therefore, there was no error in finding relevancy. Shell argues that the law is settled in the Fifth Circuit that contracting out for economic reasons only is not an unfair labor practice. N. L. R. B. v. Houston Chronicle Pub. Co., 211 F.2d 851 (5th Cir., 1954); Town & Country Mfg. Corp. v. National Labor Relations Board, 316 F.2d 846 (5th Cir. 1963); and National Labor Relations Board v. Adams Dairy, Inc., 322 F.2d 553 (8th Cir., 1963). The only case contrary to this view is East Bay Union, etc. v. National Labor Relations Board, 116 U.S.App.D.C. 198, 322 F.2d 411 (1963), cert. granted 375 U.S. 974, 84 S.Ct. 491, 11 L.Ed.2d 420. We are in accord with the Board's assertion.
 
 
 5
 (2) Appellant Shell's next two points are that contracting out was covered by the collective bargaining agreement and custom and, therefore, contracting out disputes could not be unfair labor practices but could merely give rise to contract actions; and that contracting out after the strike could not be an unfair labor practice since the strike was an economic strike. They both fail because they require that the court determine disputed fact issues, the scope of the contract and custom, and the nature of the strike, which can properly be determined only on the determination of the dispute on its merits.
 
 
 6
 (3) Shell's last two points against the order are easily disposed of. One is that the subpoena, modified as it was to make it more specific, is still too broad and sweeping. Thirty-two firms and eighty-five types of work are individually named. Though broad language is used in connection with the naming of the jobs, e. g. "painting of all vessels, tanks, pipes, and other equipment", we think it is sufficiently precise and clear. The other is that the Trial Examiner and the Board each failed to make necessary findings under Board rules to support the enforcement order of the trial court. Rules and Regulations, Series 8, Sec. 102.31(b). An examination of the order indicates that by incorporation a simple and sufficient statement of grounds for the ruling was made.
 
 
 Appellant-Board
 
 
 7
 (1) The Board asserts an error in the court's refusal to extend the subpoena to those areas in which the job was adequately described but where the contractor is not named. This assertion is without substance. The district court's first order, requiring a more specific subpoena, found that the counsel for the Board and the Union have considerable information about the contractors and the jobs they were to perform for Shell. In the light of this undisputed finding it is not error to require both the name of the contractor and the type of job to be included in the subpoena.
 
 
 8
 (2) The Board complains that the court excluded from the subpoena its request that Shell make out a list of the names, addresses, job classifications, etc. of the employees laid off. The district court held that the subpoena could not be used for this purpose and the Union should be aware of this information. There is no error in this limitation on the scope of the subpoena.
 
 
 9
 (3) The Board objects to the district court forbidding the Board to inspect and copy documents produced at the hearing in response to the subpoena. The district court held, incorrectly we think, that a party could inspect and copy only under Rule 34 Fed.R.Civ.Procedure. The Board asserts that administrative subpoenas are not governed by the Federal Rules of Civil Procedure but rather by other statutes, in this case 29 U.S.C.A. 161(1). This latter statute empowers the Board to subpoena and copy evidence of any person being investigated or proceeded against. Insofar as the subject matter subpoenaed here is evidence, it is our opinion that the Board should be allowed to copy, and the order of the district court should be so modified.
 
 
 10
 For the reasons and upon the considerations stated, the order of the district court should be affirmed as modified in (3) under Appellant-Board above.
 
 
 11
 Affirmed as modified.
 
 
 
 Notes:
 
 
 *
 Of the District of Columbia Circuit, sitting by designation
 
 
 
 12
 PRETTYMAN, Senior Circuit Judge (concurring).
 
 
 13
 I concur in the decision and agree with the opinion in this case. I add this note only to aid in highlighting the desirability of an authoritative solution to the procedural problem here posed. The problem is the lack in administrative procedure of a simple device whereby questions of law can be reached quickly for solution when the facts in the case are not disputed. In other words, there is an imperative need in administrative law for a process similar to the judicial procedures of summary judgment or motion for judgment on the pleadings. It is startlingly inept to require the presentation in evidentiary form of quantities of complicated technical factual material when it is undisputed and the disputed question is purely a question of law. The courts cannot supply the agencies with such a procedure. It is a problem for the Congress. Reports indicate that a proposal on the matter is pending there. This case vivifies the need for it.