## NATIONAL LABOR RELATIONS BOARD

v.

## PARKER BROS. & CO., Inc.

### No. 14607.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1954.

Tom Mobley, Mobley & Gough, Houston, Tex., for Shell Workers Independent Union.

A. Norman Somers, Asst. Gen. Counsel, N. L. R. B., David P. Findling, Assoc. Gen. Counsel, Arnold Ordman, George J. Bott, General Counsel, Mary E. Williamson, Washington, D. C., for petitioner.

Robert C. Lanier, Bert H. Tunks, Bracewell & Tunks, and Robert C. Lanier, Houston, Tex., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Failing in its organizational efforts, including an unsuccessful strike, to oust Shell Workers Independent Union as representative of respondent's employees, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers A. F. of L. Local No. 869, invoking the aid of the Board, filed an unfair labor practice charge against the respondent.

The General Counsel having espoused the charge by filing a complaint thereon, and having prevailed in part before Examiner and Board, the Board is here, by petition seeking enforcement of its decision [1] and order [2] and by brief in support thereof. The respondent is here by answer and brief, and the Shell Workers Independent Union, hereafter called Independent, is here insisting that

1. Reported at 100 N.L.R.B. No. 147.

2. This in addition to the usual provisions requiring respondent to cease and desist from discouraging membership in the complaining union as representative of any of respondent's employees unless and until it shall have been certified by the board, required respondent (a) to withdraw recognition from Shell, (b) reimburse all employees whose dues have been checked off since December, 1946, and (c) offer Miller reinstatement and make him whole.

the whole proceedings are void and ineffective as to it in so far as the order undertakes to adjudicate its rights under Sec. 8(a) (2) of the National Labor Relations Act, 29 U.S.C.A. § 158(a) (2).

The Board, insisting: that the record fully supports its findings and conclusions; that respondent assisted and supported the Independent in violation of Sections 8(a) (1) and (2) of the Act, and that, in violation of Sec. 8(a) (1) and (3) it discharged L. W. Miller; and that its orders to cease and desist and to take affirmative action are well supported in law and in fact, urges upon us that its order should be enforced in its entirety.

The Independent, pointing out that it was not made a party to the proceeding, until the hearing on the complaint had been had, the Examiner had made and filed his intermediate report, and the Board had remanded the cause to make it a party, insists that the proceedings were *ab initio* null and void, and may not be enforced, as to it.

The respondent insists that the findings: that respondent assisted and supported the Independent Union; that it coerced its employees with respect to their execution of the check off authorizations; and that it discharged Miller for the benefit of respondent; are not supported by the evidence.

Further, citing N. L. R. B. v. McGough Bakers, 5 Cir., 153 F.2d 420, and N. L. R. B. v. Rockaway News, 345 U.S. 71, 73 S.Ct. 519, 31 A.L.R.2d 511, respondent insists that if any of the provisions of the order are, that requiring the respondent to cease and desist from recognizing the Independent unless and until it is certified by the Board and that requiring respondent to refund to the employees the dues it has checked off and paid the Independent, are not supported, in fact or in law, and certainly as to these requirements, the order ought not to be enforced.

The Board, in its brief, pointing to the fact that after the Independent was brought into the case it was afforded full opportunity to offer evidence and to cross examine the witnesses who had testified and that it refused to do either, insists that since the proceeding was brought, not against the Independent, but against the respondent and the only reason for giving the Independent notice of it was to enable it to see that the proceedings did not go against the respondent by collusion or default, the Independent cannot complain that its rights were affected without a hearing.

It insists that this is so because, first, the respondent did not default or act collusively with the Board but defended the complaint vigorously and to the best of its ability, and second, because the Independent was afforded a full opportunity to make a defense on its own account and it refused to do so.

As to respondent's attacks upon the findings, the board points out that the findings are based not upon disputed, but upon undisputed, evidence that respondent did make with Independent and it did carry out an agreement for preferential hiring and a closed shop when such an agreement was not legal but was forbidden, and it did discharge Miller at the Independent's request, and further the evidence is undisputed that during, and in opposition to, the organizational efforts of the Teamsters Union, the respondent did actively support the Independent against the Teamsters. So pointing, it insists that the findings are fully supported by the evidence.

As to respondent's position, that even if the findings as to unfair labor practices are supported by evidence, the order of the Board requiring respondent to cease and desist from recognizing the Independent unless and until it is certified by the Board is not supported in fact or in law, the Board, citing many cases,[3] insists that though there was

3. Virginia Electric & Power Co. v. N.L. R.B., 319 U.S. 533, 63 S.Ct. 1214, 87 L.Ed. 1568; N.L.R.B. v. Brown Paper Mills, 5 Cir., 108 F.2d 867; N.L.R.B. v. Texas Mining & Smelting Co., 5 Cir., 117 F.2d 86; N.L.R.B. v. General Shoe

neither evidence nor finding that the Independent was formed or used by the respondent as a house or company organ, that portion of its order is not intended, and will not be found to be unduly restrictive of the right of its employees to self-organization by choosing their own representative, nor does it unduly subject the employees to the whim or caprice of the Board.

It insists, too, that the provision of the order requiring the respondent to repay to all the employees the dues checked off and paid for their benefit to the Independent is supported by the evidence in the record and by the cases.

We are fully mindful of the fact that in the Virginia Electric case, supra, the first case in which, contrary to the long line of circuit courts of appeals cases preceding it, it was held that the Board had the power to require repayment of checked off dues, the union affected was a company or house union, and that our case N. L. R. B. v. McGough Bakeries, supra, has pointed out that slight interference will not justify such an order.

■ We are of the opinion, though, that the facts in this case are not at all the same as those in McGough's case, and that taking the evidence as a whole, the board's order in both of the respects complained of finds support in the particular facts of this case, though it is clearly evident that the Independent is not a company or house organ, that is a

union formed in, its activities confined to, respondent's business, but is a really independent union.

This is so because the evidence leaves in no doubt that its efforts to organize respondent's employees was embraced by the respondent as an opportunity to avoid organization by the Teamsters Union and that respondent supported the Independent's efforts to organize and represent respondent's employees in such manner and to such an extent as to bring clearly within the prohibitions of Section 158(a) (3), 29 U.S.C.A., the closed shop and check off contract which respondent made and carried out with it. N. L .R. B. v. McGough, supra.

■ The order of the Board will, therefore, be enforced in its entirety with this, however, added to the order by the decree: "Nothing in this decree shall authorize the Board to arbitrarily refuse to certify the Independent as representative of the employees or prevent the employees from fully exercising their rights guaranteed to them by the act to choose as their own representative the Independent, or any other, or none, if that is their wish, or prevent the employer from recognizing the Independent if it is freely chosen by its employees and the Board unreasonably refuses it an opportunity by an election or otherwise to obtain certification."

As thus modified, the Board's order is enforced.

Corp., 6 Cir., 192 F.2d 504; N.L.R.B. v. Jack Smith Beverage Co., 6 Cir., 202 F.2d 100; N.L.R.B. v. Local 404, 1 Cir., 205 F.2d 99.