## NATIONAL LABOR RELATIONS BOARD

v.

## BRASWELL MOTOR FREIGHT LINES.

### No. 14663.

United States Court of Appeals, Fifth Circuit.

June 4, 1954.

Rehearing Denied Aug. 6, 1954.

George J. Bott, Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Associate Gen. Counsel, James R. Webster, Fort Worth, Tex., Samuel M. Singer, Peter Bauer, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Cecil A. Morgan, Sam R. Sayers, Morgan & Shropshire, Rawlings, Sayers, Scurlock & Eidson, Fort Worth, Tex., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

PER CURIAM.

Insisting that the order requiring refund of dues was not within the authority of the Board and ought not to, indeed may not, be enforced, respondent in its motion for rehearing urges upon us that "the reasons assigned in N. L. R. B. v. Parker Bros., Inc., [5 Cir.] 209 F.2d 278", on the basis of which we decided this case, do not, under its facts, sustain the order in it.

Pointing out that in that case there was a closed shop contract and we held that the requisite coercion and domination to sustain the refund order as to dues check-off were present there, while in this case there was no closed shop contract and we have held that the record does not support the board's finding that the employees were in any manner coerced into joining the independent union and paying dues to it, respondent insists that paragraph 2(b) of the order requiring refund of dues and our decree enforcing it are without foundation.

Upon further reflection, we agree with the respondent that this is so.

The Board has wide discretion under Sec. 10(c), National Labor Rela-

tions Act, as amended, 29 U.S.C.A. § 160(c) to effectuate the policies of the Act and to choose means by which the effects of unfair labor practices shall be expunged, but it has no authority to punish an employer for wrongful conduct. Republic Steel Corp. v. N. L. R. B., 311 U.S. 7, 11, 12, 61 S.Ct. 77, 85 L.Ed. 6. It may, in the case of a closed shop arrangement illegally imposed, order reimbursement of dues when "intended to remove the effects of this unfair labor practice by restoring to the employees what would not have been taken from them if the Company had not contravened the Act". Virginia Electric & Power Co. v. N. L. R. B., 319 U.S. 533, 544, 63 S.Ct. 1214, 1220, 87 L.Ed. 1568. It has no such authority when, as here, there is no closed shop contract, the employees have joined the independent union of their own free will, and they have voluntarily authorized the check-off of their dues.[1]

The motion for rehearing is, therefore, granted in part, and the opinion modified by, withdrawing the following sentence:

"Nevertheless for the reasons assigned in N. L. R. B. v. Parker Bros. & Co., Inc., (5 Cir.), 209 F.2d 278, just decided by this court, we are of the opinion that the order requiring refund of dues was within the authority of the board and must be enforced."

and substituting in lieu thereof the following:

"We are, therefore, of the opinion that the record furnishes no support for the finding and order of the Board that the appellant must reimburse its employees for dues check-off, and that par. 2(b) requiring such reimbursement should be stricken from the order."

The opinion will be further modified by substituting for the words "because, however", immediately following the

sentence above withdrawn, the words "Further because".

Except as herein granted, the petition for rehearing is denied.

Granted in part and denied in part.

---

1.  Virginia Electric & Power Co. v. N. L. R. B., supra; N. L. R. B. v. McGough Bakeries Corp., 5 Cir., 153 F.2d 420.