551 F.2d 306
 94 L.R.R.M. (BNA) 2589, 80 Lab.Cas. P 11,865
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Florida Steel Corporation, Petitioner
v.
National Labor Relations Board, Respondent.
 No. 74-2180.
 United States Court of Appeals, Fourth Circuit.
 Jan. 19, 1977.
 
 Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, WIDENER,, Circuit Judge.
 
 PER CURIAM
 
 1
 This case comes before us a second time on Florida Steel Corporation's petition to review an order of the National Labor Relations Board and the Board's cross-application for enforcement of that order. When the case was here previously, we remanded it to the Board in order to permit the parties to adduce additional evidence on the question of whether the principal witness against the Company, Winfield Eudy, a supervisor whom the Company had discharged, was employed by or otherwise associated with the charging union, the United Steelworkers of America, AFL-CIO. On remand, a supplemental evidentiary hearing was held before the Administrative Law Judge who concluded that there was no evidence that Eudy had any connection with the union. The Board then affirmed the rulings, findings and conclusions of the Administrative Law Judge (except his suggestion that the Company bear all the costs of the litigation on remand) and reaffirmed its initial decision.
 
 
 2
 Initially, we reject the Company's contention that the case must be remanded a second time because the supplemental hearing was conducted unfairly. The Company's primary argument in this regard is that the Administrative Law Judge erred in quashing the subpoena duces tecum which it had served on union organizer McIver.[1] However, inasmuch as the subpoena was patently overbroad and the Company presented no other evidence that Eudy was associated with the union,[2] we cannot say that the Administrative Law Judge's action was error which would justify sending this case back to the Board yet another time.
 
 
 3
 Except with respect to the discharge of Eudy, we also reject the Company's contention that the record does not support the Board's findings that it had violated Sections 8(a)(1), (3) and (4) of the Act. A review of the record reveals that those findings are supported by substantial evidence and, accordingly, they must be sustained.
 
 
 4
 However, we agree with the Company that the Board erred in ordering the reinstatement of Eudy. Because he was a supervisor, Eudy's discharge could not constitute a violation of Section 8(a)(3) of the Act. The Board, though, concluded that the discharge was a violation of Section 8(a)(1) under the doctrine of National Labor Rel. Bd. v. Talladega Cotton Factory, 106 NLRB 61 (1953), enforced, (5th Cir.1954) 213 F.2d 208 (holding that firing of supervisory personnel for failure or refusal to carry out employer's unlawful anti-union orders may be a Section 8(a)(1) violation if the effect is to intimidate non-supervisory employees). That conclusion cannot stand, however, because the record contains substantial evidence that the Company had ample lawful reason to fire Eudy and no evidence that non-supervisory employees had any knowledge of the reasons for his dismissal, Visador Co. v. NLRB (4th Cir.1967) 386 F.2d 276; and General Engineering, Inc. v. NLRB (9th Cir.1962) 311 F.2d 570.
 
 
 5
 In sum, therefore, we grant enforcement of the Board's order except insofar as it finds that the discharge of Winfield Eudy was a violation of Section 8(a)(1) of the Act and orders his reinstatement with back pay.
 
 
 6
 Enforcement Granted in Part, Denied in part.
 
 
 
 [1]
 The Company also contends that the Administrative Law Judge exhibited bias in his conduct of the supplemental hearing, but we find this contention to be without merit
 
 
 [2]
 McIver, who denied that Eudy had been employed by the union, was the only witness called by the Company. Although the affidavit of the Company's Industrial Relations Manager, J.C. Hogue, filed with this court in support of the application for remand, stated that McIver had told Hogue that Eudy was employed by the union, the Company did not call Hogue to testify nor make any attempt to get the substance of his statement into the record. Indeed, counsel did not even question McIver about his alleged comment to Hogue