IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30515
Summary Calendar
_____

AMY C. KRUGER; ST. CHARLES 1, LLC,

Plaintiffs-Appellants,

versus

THE GARDEN DISTRICT ASSOCIATION; THE GARDEN DISTRICT'S SECURITY
DISTRICT, also known as The Garden District's Security Special Taxing District; THE CITY
OF NEW ORLEANS; BETTY JEFFERSON, in her official capacity as the Assessor for the
Fourth District, City of New Orleans; THE STATE OF LOUISIANA, and the individual members
of the Garden District Security District; TONY GELDERMAN, President; EDWARD F.
LEBRETON, III, Vice-President; KRISTI KENDRICK, Secretary; WILLIAM TRUFANT,
Treasurer, and members; KIRK DOMINGOS; PAUL M. HAYGOOD; MEL LEGARDE;
ROMELL MADISON; WILLIAM OLIVER; WARREN WATTERS; NANCY WATTS-
SNYDER, in their official capacities; THE MAGAZINE STREET MERCHANTS
ASSOCIATION; THE ST. CHARLES AVENUE ASSOCIATION; MARC MORIAL, The
Honorable Mayor of the City of New Orleans in his official capacity; DIANA BAJOIE, The
Honorable, in her official capacity; RENEE GILL PRATT, The Honorable, in her official
capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Eastern District of New Orleans
(USDC No. 99-CV-323-K)
_____

January 20, 2000

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appealing from a dismissal for lack of jurisdiction, Amy C. Kruger ("Kruger")

argues that the Tax Injunction Act, 28 U.S.C. § 1341, does not bar a federal court from

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

determining her constitutional claims against the Garden District Association ("the GDA"), the Garden District Security District ("GDSD"), the City of New Orleans, and various individuals associated with these organizations. Kruger contends that LA. REV. STAT. ANN. § 33:2740.40(C), which provides the mechanism for selecting the board of the GDSD, violates the Equal Protection Clause of both the United States and Louisiana Constitutions. We do not reach the merits of whether the district court properly dismissed Kruger's suit, however, because a state court final judgment involving the same "nucleus of operative facts" as the current case has been entered in Kruger's favor since the time of dismissal, thus rendering the current appeal moot.

If we were to reverse the dismissal and remand for a trial on the merits, the district court would necessarily rule that Kruger's claims are barred by res judicata. Four conditions must be met for res judicata to apply: (1) the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; (4) the same claim or cause of action must be involved in both suits. United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994). All of these elements have been met in this case. Thus, the current appeal is moot as any remand to the district court would be a futile gesture. See McClelland v. Gronwaldt, 155 F.3d 507, 514 (5th Cir. 1998) ("[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (quoting Pacific. Ins. Co. v. General Dev. Corp., 28 F.3d 1093, 1096 (11th Cir. 1994)); Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza, I, Ltd.), 914 F.2d 731, 733-34 (5th Cir.1990) ("The mootness doctrine is grounded primarily and originally in the appellate court's inability to fashion

2

relief."); <u>NLRB v. O.E. Szekely & Assocs., Inc.</u>, 259 F.2d 652, 654 (5th Cir. 1958) ("if, pending an appeal an event occurs which renders it impossible for [an] appellate court to grant any relief or renders a decision unnecessary, the appeal will be dismissed as moot.").

Kruger contends that the current appeal is not moot because the federal forum provides certain procedural advantages that Louisiana state court does not. It must be pointed out, however, that Kruger chose to bring her action in state court, and, in any event, the perceived procedural advantages of federal court do not overcome the bar of res judicata.

APPEAL DISMISSED.