Clarence A. METER, Regional Director of the Eighteenth Region of the National Labor Relations Board, for and on Behalf of the **NATIONAL LABOR RELATIONS BOARD**, Petitioner,

v.

**MINNESOTA MINING AND MANUFACTURING COMPANY**, Respondent.

No. 3-67-Civ. 240.

United States District Court
D. Minnesota,
Third Division.

Aug. 16, 1967.

See also D.C., 273 F.Supp. 659.

David R. Hols, Atty., N. L. R. B., Minneapolis Regional Office, for petitioner.

Felhaber, Larson, Fenlon & Vogt, by Thomas M. Vogt, St. Paul, Minn., for respondent.

NEVILLE, District Judge.

The Regional Director of the National Labor Relations Board on August 11, 1967 filed with this court a petition for a temporary injunction against an alleged unfair labor practice under Sec. 10(j) of the National Labor Relations Act (29 U.S.C. § 160(j)). On the basis of the petition, the court issued an order to show cause returnable August 22, 1967.

There is now before the court a petition by the respondent for leave to take the depositions of five persons, not parties to the action nor employees of petitioner. The application is made pursuant to Rule 26(a) of the Rules of Civil Procedure, a period of less than 20 days having elapsed since the institution of these proceedings.

The court is informed that the collective bargaining agreement existing between the respondent and the Union filing the complaint with the National Labor Relations Board expires August 27, 1967. Counsel for petitioner resists the present motion, contending that under Rule 81(a) (5) of the Rules of Civil Procedure proceedings instituted by the National Labor Relations Board are not governed by the Rules and thus discovery procedures should not be available to respondent. The argument also is advanced that the granting to the respondent of a right to discovery may cause undue delay and extend the hearing date beyond August 22, 1967.

The court is of the view that leave as requested by respondent should be granted provided, in accordance with the statement of respondent's counsel made in open court, that the depositions can be completed prior to the return date on the order to show cause so as not to cause

unnecessary delay. Rule 81(a) (5) reads in part as follows:

"These rules do not alter the practice in the United States district courts prescribed in * * * U.S.C., Title 29, §§ 159 and 160, for beginning and conducting proceedings to enforce orders of the National Labor Relations Board; and in respects not covered by those statutes, the practice in the district courts shall conform to these rules so far as applicable. * * * "

Counsel for petitioner has not pointed to any inconsistency between the statute and the Rules insofar as the matter of discovery is concerned.

Petitioner cites Schauffler v. Local 1291, Inter. Longshoremen's Ass'n (D.C. E.D.Pa.), 189 F.Supp. 737 (1960). There an injunction had issued and contempt proceedings were instituted for an alleged violation thereof. The Rules were held to be not applicable. The court need not decide at this time whether Rule 81(a) (5) excludes such type of proceedings from the Rules. Three courts have held that discovery proceedings are proper and may be had in cases similar to the one at bar instituted by the National Labor Relations Board. See Sperandeo v. Milk Drivers & Dairy Employees Local U. No. 537, (C.A. 10th Cir.), 334 F.2d 381 (1964); Fusco v. Richard W. Kaase Baking Co., (D.C.Ohio), 205 F.Supp. 459 (1962); Madden v. Milk Wagon Drivers U. Local 753, Int. Bro. of Team. (D.C. Ill.), 229 F.Supp. 490 (1964).

In the *Sperandeo* case, the court said 334 F.2d at p. 384:

" * * * And, while this action was brought by the appellant in his official governmental capacity, [as Regional Director National Labor Relations. Board] he is in no different position than any ordinary litigant and is,. therefore, bound by the discovery provisions of the Federal Rules of Civil Procedure in the same respects as any ordinary litigant. * * * The Government as a litigant is, of course, subject to the rules of discovery. * * "

Since no request is made to take the deposition of the petitioner himself or any government employees, any possible question of privilege does not arise.

An order will be entered granting leave to take the depositions requested, but requiring that the same be completed prior to the return date on the order to show cause and limiting the scope of inquiry to matters relevant to the issues involved in the petition.